UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 06-CV-159-HRW

YAKOV GREGOREVICH DRABOVSKIY                    PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA                    RESPONDENT

　　　　Yakov Gregorevich Drabovskiy, who is confined at the Federal Correctional Institution in Manchester, Kentucky ("FCI-Manchester), has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. §2241. Petitioner has paid the $5.00 filing fee.

　　　　This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

　　　　This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

### RESPONDENT

　　　　The petitioner has named Jeff Grondolsky, the Warden of FCI-Manchester, as the respondent in this proceeding.

## CLAIMS

The petitioner argues that disciplinary punishment imposed against him has resulted in the revocation of good time credits, and thus lengthened his federal sentence. As best as the Court can determine, the petitioner claims that the disciplinary process violated his right to due process of law guaranteed by the Fifth Amendment of the United States Constitution.

## RELIEF REQUESTED

It would appear that Drabovskiy seeks the restoration of the 41 days of good-time credit which he was ordered to forfeit as a result of the disciplinary hearing. As the Court will discuss *infra*, all of the other forms of punishment imposed are now moot.

## ALLEGATIONS OF THE PETITION

The petitioner was convicted in the Pikeville division of this Court for conspiracy to distribute and distribution of controlled substances. *See United States of America v. Yakov Gregorevich Drabovskiy* 01-CR-42-KKC-2. On December 23, 2003, he was sentenced to a forty-one month term of imprisonment and a two-year term of supervised release. [*See Id.*, Record No. 284.] He states that he has seven months remaining on his federal sentence. While his §2241 petition is somewhat lacking in detail, the petitioner appears to dispute the outcome of a disciplinary proceeding at FCI-Ashland. He states as follows:

> "Serving the sentences the petitioner was arrested, segregated for four months, transferred to the medium security prison and lost 40 days of the good time credit under a fabricated case of attempt to escape (FCI Ashland, March 2005). the courts Failed {sic} to consider on the merits the emergency appeal from the administrative order, the direct appeal, motion 28 U.S.C. § 2255."

[Record No. 2-1, p. 4 (Petition Form).]

2

Drabovskiy argues that disciplinary punishment imposed against him has resulted in the revocation of good time credits, and has thus lengthened his federal sentence. He states that the government entrapped him and that there were no grounds for the decision.

As part of his §2241 petition, Drabovskiy also filed an attachment entitled "Motion" [Record No. 2-3]. The typewritten motion is dated March 16, 2005, and the caption reads "*USA v. Drabovskiy.*" Clearly, Drabovskiy prepared this "motion" as a part of either his criminal case or as a motion which he filed, or intended to file, in the 2005 Proceeding. In the motion, Drabovskiy set forth more specific complaints about rulings made by the Disciplinary Hearing Officer ("DHO"), during the disciplinary hearing, regarding testimony and evidence concerning the confidential informer who incriminated him.

## PRIOR LITIGATION

Drabovskiy filed a previous case in this Court on this issue, being *Yakov Gregorevich Drabovskiy v. United States*, Ashland Civil Action No. 05-CV-57 (the undersigned, presiding) ("the 2005 Proceeding"). In that case, Drabovskiy also complained about the conditions of his confinement, specifically, that he was being kept in segregation while authorities investigated his attempt to escape by helicopter. The Court construed Drabovskiy's submission in the 2005 Proceeding as a civil rights complaint asserting claims under the Eighth Amendment, under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

The Court entered a Deficiency Order in the 2005 Proceeding in which it directed the petitioner to provide various documents to the Court.[1] Finding that the petitioner had failed to

---

[1]

In its deficiency order of April 2, 2005, the Court advised the plaintiff of his need to pay the $250.00 district court filing fee for a civil action; provided forms for his use should he prefer to

undertake the prescribed actions, and specifically finding that Drabovskiy was not excused from complying with the BOP's administrative remedy process, the Court dismissed the 2005 Proceeding on June 2, 2005 [*Id.*, Record No. 9]. In the order of dismissal, the Court also informed Drabovskiy that he had not established grounds for any type of injunctive or preliminary relief on his claims concerning his status in segregation [*Id.*, p. 3].

Drabovskiy unsuccessfully appealed. By order entered on April 20, 2006, the Sixth Circuit rejected Drabovskiy's arguments [*Id.*, Record No. 25]. In his appeal, Drabovskiy had argued that the district court improperly construed his complaint as a *Bivens* action, and that he actually sought to challenge his disciplinary convictions and sentence. However, the Sixth Circuit found that claim to be unavailing because: (1) Drabovskiy's complaint challenged only his confinement outside of the general prison population, and (2) he filed his complaint in the district court before he was found guilty of the disciplinary infractions.[2]

Citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002), the Sixth Circuit concluded that this Court had properly dismissed Drabovskiy's complaint under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a). This statute requires prisoners to exhaust all available

---

apply to proceed *in forma pauperis*; and granted him 30 days in which to cure the financial deficiency, as well as other problems with his filings. The Court specifically warned that (1) failure to timely cure the financial deficiency or (2) to return a completed complaint form or (3) to demonstrate his exhaustion of the Bureau of Prisons' ("BOP") administrative remedies prior to filing could result in dismissal of his cause. *See* 06-CV-57-HRW, Record No.2.

[2]

The Sixth Circuit's April 20, 2006 Order explains the disciplinary charge filed against Drabovskiy, and the resulting conviction. While serving a federal sentence in Ashland, Kentucky, Drabovskiy tried to orchestrate an escape with the help of an undercover Federal Bureau of Investigations (FBI) agent. A prison incident report was issued against Drabovskiy and an administrative hearing was held. The hearing officer found Drabovskiy guilty of committing acts of attempted escape and unauthorized use of the mail and sentenced him to the loss of 41 days of good-time credits, 60 days of disciplinary segregation, and several other institutional punishments.

administrative remedies before suing in federal court regarding prison conditions. The BOP has a three-step administrative remedy process which all prisoners must exhaust prior to filing suit in federal court. *See* 28 C. F.R. §542.13-.15 (2006).[3]

The Sixth Circuit stated that a complaint should contain written documentation of exhaustion or a specific description of the exhaustion process utilized, *Knuckles El v. Toombs*, 215 F.3d 640,642 (6th Cir. 2000), and that the provision applies to both state and federal prisoners. The Sixth Circuit determined that Drabovskiy did not administratively challenge the prison's decision to segregate him from the general prison population during the pendency of the administrative investigation and hearing.

The Sixth Circuit also noted that while Drabovskiy submitted documents to the district court demonstrating that he attempted to file an administrative appeal from his disciplinary conviction and sentence, the administrative appeal was filed after Drabovskiy filed the 2005 Proceeding. Drabovskiy's administrative appeal was rejected for his failure to correctly file the appeal. The Sixth Circuit concluded that as a result of that failure, Drabovskiy had failed to exhaust his administrative remedies before he filed his *Bivens* complaint.

---

[3]

Section 542.13(a) demands that an inmate first informally present his complaint to the staff [BP-8 form], thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request to the Warden [BP-9]. *See* §542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director [BP-10], and, if not satisfied with the Regional Director's response, the inmate may appeal that decision to the Office of General Counsel [BP-11]. *See* §542.15.

The administrative procedure includes established response times. §542.18. As soon as an appeal is accepted and filed, the Warden has 20 days to respond; the Regional Director, 30 days; and General Counsel, 40 days. Only one extension of time of 20-30 days, in writing, is permitted the agency. If the inmate does not receive a response within the allotted time, including extension, he may consider the absence of response as a denial at that level. *Id.*

Finally, the Sixth Circuit determined that this Court properly dismissed the case for another reason. It held that despite receiving a warning from this Court that it would dismiss his complaint if he failed to submit a proper complaint **and** either timely pay the filing fee or submit his financial forms, Drabovskiy failed to timely file these documents.

## DISCUSSION

The Court reaches the same result that it reached in the 2005 Proceeding: Drabovskiy has failed to exhaust his administrative remedies. Although the Court construed the 2005 Proceeding as an Eighth Amendment conditions-of-confinement civil rights action under *Bivens*, and although this action is a §2241 habeas corpus proceeding, Drabovskiy was still required to have exhausted the administrative remedies established in 28 C.F.R. §542.14-15.

Prisoners who file civil rights actions are required to administratively exhaust their claims under the PLRA. Likewise, under a judicially created doctrine, prisoners who seek relief under 28 U.S.C. §2241 are required to exhaust essentially the same process before filing a habeas action in district court. *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir.1981) (per curiam); *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir.1996)); *Sesi v. United States Bureau of Prisons*, 238 F.3d 423, 2000 WL 1827950 (6th Cir.(Mich.) December 7, 2000) (Table) (Unpublished Deposition) (a federal prisoner must first exhaust his available administrative remedies before filing a §2241 petition); *United States v. Oglesby*, 52 Fed. Appx. 712, 714, 2002 WL 31770320 *2 (6th Cir.2002) (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992)).

Under the BOP's Administrative Remedy Program, the first level of appeal from a DHO decision is an appeal to the Regional Director. 28 C. F.R. §542.14(d)(2). To appeal from a decision of the Regional Director, an inmate must appeal to the General Counsel within thirty

6

calendar days of the date the Regional Director signed the response, absent a valid reason for delay. 28 C.F.R. §542.15(a).

Here, Drabovskiy has simply failed to demonstrate that he undertook the necessary exhaustion process. His claim under §2241 must be dismissed without prejudice for failure to exhaust.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED:**

(1)    Yakov Gregorevich Drabovskiy's "Motion for Leave to File a Habeas Corpus Petition" [Record No. 3] is **GRANTED**.

(2)    Yakov Gregorevich Drabovskiy's petition of habeas corpus is **DENIED**.

(3)    This action [06-CV-159-HRW] will be **DISMISSED** from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This _9_ day of January, 2007.


Henry R. Wilhoit, Jr.
Senior United States District Court Judge